GLEDHILL et, d. b. a. GLEDHILL & KIME LUMBER CO., Plaintiffs-Appellees v. WALKER et, Defendants-Appellants.

Ohio Appeals, Third District, Crawford County.

No. 1437.    Decided July 28, 1943.

Arden W. Wisman, Bucyrus, for plaintiffs-appellees.
Robert L. Moulton, Bucyrus, for defendants-appellants.

CARPENTER, J. (6th District), sitting by designation in place of CROW, J. (3rd District).

## OPINION

GUERNSEY, P. J.

This is an appeal upon questions of law and fact from a judgment of the Court of Common Pleas of Crawford county, Ohio, in an action pending therein wherein the appellees A. C. Gledhill and O. F. Kime. doing business as Gledhill & Kime Lumber Company, were plaintiffs, and the appellants John L. Walker and Carrie M. Walker, husband and wife, and the Home Owners Loan Corporation were defendants, setting aside as fraudulent as to creditors. a conveyance of real estate made by the said John L. Walker to his wife, the said Carrie M. Walker, and is submitted and tried to this court de novo.

The petition herein alleges that the plaintiffs are partners, and that the defendant John L. Walker, on February 15, 1935, executed and delivered to plaintiff partnership, his promissory note for $618.76, said sum being the amount of an indebtedness owing by said John L. Walker to said partnership; that at said time said defendant

John L. Walker was the owner of certain real estate described in plaintiff's petition, and that while so indebted to plaintiffs the said John L. Walker, not having sufficient property to pay his debt to plaintiff, conveyed said real estate to his wife Carrie M. Walker; that said conveyance was made on September 25, 1936, and was made with intent on the part of said John L. Walker to hinder, delay and defraud his creditors and these plaintiffs in particular; and that both the defendants had knowledge of such fraudulent intent, and that said conveyance was not for a valuable consideration.

The petition further alleges that the plaintiffs first learned of said fraudulent transfer, in December, 1940.

It is further alleged that on April 18, 1941, plaintiff recovered a judgment on said promissory note for said amount against the defendant John L. Walker and that all of said sum remains due and owing; that on April 18, 1941, an execution was issued on said judgment and that the same was returned unsatisfied; and that said judgment is in full force and effect.

It is further alleged that the defendant Home Owners Loan Corporation claims some interest in said real estate.

That plaintiffs are without an adequate remedy at law and ask that said conveyance be set aside and that said real estate be sold and the proceeds derived therefrom be applied on plaintiffs' mortgage debt, and for such other and further relief as they may be entitled to in the premises.

Defendant John L. Walker filed an amended answer to the petition, wherein he admits the execution and delivery of said promissory note; admits that on December 25, 1936, he conveyed the real estate to his wife Carrie M. Walker; he denies all other allegations in plaintiffs' petition. And for his further defense states that plaintiffs cannot maintain this action for the reason that the same is barred by the statute of limitations.

The defendant Carrie M. Walker in her answer admits the real estate was conveyed to her on December 25, 1936, but denies each and every other allegation contained in plaintiffs' petition. For her further defense she alleges that this action is barred by the statute of limitations.

The defendant The Home Owners Loan Corporation filed an answer and cross-petition wherein they allege that as of April 16, 1942, there was due and owing to it from the defendants Walker, the sum of $1544.97 for which sum they have a mortgage on the premises described in plaintiffs' petition, and ask that in event of a sale of said premises that it be paid the sum found due, as the first and best lien on said premises.

The evidence discloses that at the time of the transfer of the real estate in question the defendant John L. Walker owned no other property whatsoever and that the defendant Carrie M. Walker

knew this fact. The real estate in question was purchased by the defendant John L. Walker on or about December 26, 1933, for a price of three thousand dollars, and at said time the sum of seven hundred and seventy-five dollars, being the proceeds from the adjusted service certificate of John L. Walker, was paid to the grantor in cash and a note and mortgage executed to The Home Owners Loan Corporation for $2416.06 for the balance. That the loan contract with The Home Owners Loan Corporation provided for monthly payments of approximately $22.00; that from the date of the purchase of said property, to the last of July, 1936, not one of said monthly payments was paid in full and that at said time, said payments were in default. That at the time said property was purchased the defendants had two children, a daughter who was then about sixteen years of age, and a son who was then about thirteen years of age, both of whom regularly attended school. The defendant Carrie M. Walker had no income, save and except such income as she received from the earnings of her husband, the defendant John L. Walker, and she paid no consideration for said conveyance. That by reason of the close relationship existing between the two defendants the defendant Carrie M. Walker had knowledge of the execution and delivery of said promissory note. That at the time of such conveyance by John L. Walker to Carrie M. Walker, John L. Walker was living with his wife and two minor children, on the premises conveyed, and was supporting them out of his earnings, and was the head of a family. There has been no change in such status since the transfer was made except that one of said children has reached the age of majority. That as of the date of such transfer there was an unpaid balance of $2429.89 owing on the note secured by the mortgage on said premises to The Home Owners Loan Corporation. The real estate conveyed, at the time of conveyance, was reasonably worth the sum of $2500.00.

At the time of the trial of this case the value of the premises conveyed was $3000.00, and the amount owing The Home Owners Loan Corporation on its mortgage indebtedness which is a lien on said premises, has been reduced so that it now amounts to approximately $1500.00.

The greater part or all the money used to reduce said mortgage indebtedness has been derived from the earnings of the defendant John L. Walker.

The plaintiffs-appellees, who are engaged in the business of selling lumber and other building supplies, in the year 1936 and all subsequent years, subscribed to and received certain credit reports issued by the Bucyrus Credit Bureau, which reports contained regularly, a list of real estate transfers as the same appeared from the records in the office of the county recorder; that O. M. Kime, a partner in the plaintiff firm, in the year 1936 was a subscriber and a regular reader of the Crestline Advocate, a newspaper published in Crestline, Ohio, which newspaper regularly carried in its columns

on court news from Bucyrus, a list of real estate transfers as the same went through the county recorder's office; that ordinarily either Mr. Kime or one of the firm's employees saw and had access to these periodic lists of real estate transfers as the same appeared in the credit reports to which the plaintiff firm subscribed, and that due to the nature of their business someone in the company usually watched such transfers for the purpose of gaining prospects for the sale of their goods, or for other purposes.

In the year 1937 the Walkers did considerable repairing on the property and also added some improvements, purchasing some of the material therefor from the A. C. Gledhill Lumber Company of Galion, Ohio, the said A. C. Gledhill being one of the plaintiffs in this action and being the same person who is a member of the plaintiff partnership. That the statements rendered by the A. C. Gledhill Lumber Company were made out to Carrie M. Walker and were all mailed and addressed to her individually at the address of the property here in question, although all such materials were ordered by the defendant John L. Walker.

Other than as the above facts may tend to prove notice, plaintiffs did not have actual notice that said transfer had been made, until December, 1940, more than four years after said conveyance had been executed and recorded.

From the foregoing statement of facts it will be noted that the defendant John L. Walker, being the head and support of a family living on the premises at the time the conveyance was made, and said premises at said time being encumbered by a mortgage lien precluding the allowance of a homestead, would have been entitled under the provisions of §11737, GC, in case of a sale of said premises in proceedings to enforce liens thereon, to an award of not to exceed $500 of the proceeds thereof in lieu of a homestead, and that the value at said time of the equity of defendant John L. Walker in said premises, over and above the amount of the mortgage indebtedness constituting a first lien thereon, was less than $75 and much less than the award of $500 in lieu of a homestead to which he would have been entitled upon a sale of said premises in proceedings to enforce liens thereon, so that such equity at the time could not have been appropriated by judicial proceedings to pay debts, and creditors could not have been prejudiced by the transfer thereof.

The statute of frauds only forbids a present intent to defraud and a conveyance which has such present effect. 1 Story Equity, 356.

In conformity with the rule mentioned it is generally held that exempt property is not susceptible of fraudulent alienation and creditors have, ordinarily, no right to complain of the disposition made of it since they cannot be prejudiced thereby or claim that it is a fraud upon them. In short, so far as exempt property is concerned, there are no creditors within the meaning of the

statute. This is true as to property of any character, apparently, including pension money, and property which is exempted such as a homestead. A transfer of homestead property is not subject to attack, even though the transferer acted with fraudulent intention, and the transferee had knowledge thereof, nor does any importance attach to the fact that consideration for the conveyance was lacking. 24 American Jurisprudence, Fraudulent Conveyances, Section 109, pages 259, 260. See also, 27 Corpus Juris, Fraudulent Conveyances, Section 62, pages 438, 439.

The holdings of the Ohio courts are in accord with the holdings of courts of other jurisdictions on the same subject, it being stated in **19 O. Jur., Fraudulent Conveyances, §49, pages 725, 726,** that it is a well established rule of law that property which is by statute exempt from execution can not be reached by creditors on the ground that it has been fraudulently transferred, and there cannot be a fraudulent conveyance as against creditors, of property which cannot be appropriated by judicial proceedings to pay debts.

According to the great weight of authority a conveyance of a homestead is not a fraud on creditors and furnishes them no ground for complaint. It is considered that a debtor, in the disposition of his property, can commit a fraud upon his creditors only by disposing of such of his property as the creditors have a legal right to look to for satisfaction of their claims, and therefore a debtor cannot commit a fraud upon his creditors by disposing of his homestead. As otherwise expressed, fraud in order to be actionable must result in injury, and the creditor is not injured by a conveyance of property which he cannot subject to his claims. 27 C. J., Fraudulent Conveyances, Section 66, pages 441, 442, 443.

It is only in cases where the value of the property conveyed exceeds the value of the homestead or allowance in lieu of a homestead that creditors are affected and in such cases creditors can recover nothing beyond the excess over the homestead right. 27 C. J., Fraudulent Conveyances, Section 68, page 445.

In the notes accompanying the text of Corpus Juris, the cases of **Roig v Schultz, 42 Oh St., 165; Bills v Bills, 41 Oh St 206,** are cited as supporting the rule last mentioned.

The Common Pleas Court, in deciding the instant case, relied upon the cases of **Bills v Bills, 41 Oh St 206,** and **Roig v Schultz, 42 Oh St 165,** above mentioned, as establishing a rule of law that a conveyance of real estate exempt as a homestead, by a debtor to his wife, without a valuable consideration, is fraudulent as to creditors of the debtor, and subject to be set aside on that ground; and a further rule that the value of the equity of the debtor in the property transferred is to be determined as of the time the conveyance is set aside and not as of the time the conveyance was made.

An examination of the first case mentioned discloses that the defendants, husband and wife, in an action brought against them

by a creditor of the husband to set aside as fraudulent, a transfer made by the insolvent husband to his wife (through a third party) made no claim that any valuable consideration supported the deed of transfer, but offered to prove that when it was delivered the land was a family homestead; that it was encumbered by a mortgage paramount to homestead exemption, and was worth only $700 more than the mortgage debt. The trial court excluded this evidence as immaterial, set aside the deed, and decreed a sale.

The Supreme Court held: 1. Notwithstanding the decree, the $500 exemption in lieu of a homestead may be allowed out of the proceeds.

2. As the case was, the evidence excluded was immaterial.

The Supreme Court gave no reason for either holding, but as the tender of proof showed that the equity of the transferrer in the property transferred was in excess of the amount of the proceeds thereof to which the transferrer would have been entitled in lieu of a homestead in case of the sale of said premises in proceedings to enforce liens, it is obvious that the second holding of the Supreme Court that the evidence excluded was immaterial is based on the conclusion that it did not constitute a defense to the action.

This case therefore supports the rule stated in Corpus Juris in support of which it is cited as above mentioned, and does not sustain either of the rules the Common Pleas Court ruled upon it as establishing.

An examination of the second case mentioned discloses that the action was one to set aside fraudulent conveyances of real estate made by a husband to a wife, which was encumbered by a mortgage executed by the husband and wife to a third party. In a separate answer the husband claimed that the land in controversy was the homestead of his family, and asked that if the court should find it to be his property it should be set off to him as a homestead under the laws of Ohio.

The value of the transferrer's equity in the premises transferred, over and above the amount of the mortgage lien thereon, is not stated and is not a matter of consideration in the case.

The court held that the existence of the mortgage lien precluded the assertion of the right of a homestead exemption, and that the demand for homestead, as set up in the answer of the husband, was no defense to the cause of action alleged in the petition. The case goes no farther than holding that a demand for a homestead in real estate alleged to have been fraudulently transferred by the transferrer thereof does not constitute a defense to an action to set aside such transfer as fraudulent where a lien thereon precludes the allowance of a homestead to either husband or wife. The case therefore does not support the rule in Corpus Juris which it is cited to sustain. and does not support either of the rules which the Common Pleas Court held it established.

Under the rules hereinbefore mentioned, which we approve as correct statements of the law, the value of the equity in the real estate transferred, and its character as exempt property, and the question as to whether the transfer is in fraud of creditors must be determined from the facts and circumstances existing at the time of such transfer and not as of a subsequent time or times.

The fact that the equity transferred has increased in value since the transfer does not affect the application of the general rules hereinbefore mentioned, as the homestead act is not designed to prevent a sale of property, and the statute of frauds only forbids a present intent to defraud and a conveyance which has such present effect. **Stewart v Wooley et, 2 Ohio Decisions Reprint, 341.**

Applying the foregoing rules to the facts in the instant case, it is clear that as the equity of the debtor John L. Walker, in the real estate conveyed, at the time of his conveyance thereof, was of such character and value it could not be appropriated by judicial proceedings to pay debts, there was no present intent to defraud on his part or on the part of the grantee Carrie M. Walker, and the conveyance did not have the present effect of defrauding plaintiffs and other creditors of the debtor. Consequently the conveyance is not in fraud of creditors and should not be set aside in this action.

As we have found that the conveyance was not fraudulent as to creditors, it is unnecessary to consider whether the action is barred by the statute of limitations.

For the reasons above mentioned, a decree is rendered herein in favor of defendants and against plaintiffs, and plaintiffs' petition is dismissed at their costs.

JACKSON, J., concurs.
CARPENTER, J., dissents.

CARPENTER, J. (dissenting):

In an action like this to set aside a transfer of the title to real estate as a fraud upon creditors, the rule at common law or in other jurisdictions as to the relationship of exemptions to such issue is unimportant. In Ohio the subject is controlled by statutes which have been construed and applied by the courts. **McComb v Thompson, 42 Oh St 139, 146.**

Our exemption statutes indicate a distinction between a homestead exemption, §11730 GC, and selected property exempt in lieu of a homestead. §11738 GC. A homestead is merely exempt "from sale on judgment or order", while a husband and wife, not the owners of a homestead, may hold in lieu therefore "exempt from levy and sale, real and personal property" etc. This distinction is pointed out in **Genell v Hirons, 70 Oh St 309.**

John L. Walker was the owner of the homestead February 15, 1935, when he incurred the debt to the plaintiffs and on September 28, 1936, when he made the deed in question conveying it to his wife Carrie M., hence the exemption rights of the defendants were defined in §11730, and his property was only held exempt "from sale on judgment or order." It was then the right of the plaintiffs to reduce their claim against him to judgment and effect a lien on the Walker land. §11656 GC. To them this was a valuable right which they lost if the deed to the wife stands. With such lien they could either force the sale of the property, subject to the prior H.O.L.C. mortgage and the right of Walker or his wife to claim $500 of the proceeds in lieu of a homestead (§11738 GC) or they could maintain their lien until the reduction or discharge of the mortgage might make their lien good, or until the property ceased to be used as a homestead. In any event, their lien could be kept alive as long as Walker owned the land, even though it might have been formally set off to him as a homestead. **McComb v Thompson, supra; Roig v Schultz, 42 Oh St 165.**

It is a fair deduction from the evidence that the Walkers so reasoned this out and, by the deed, sought to safeguard their property from these possibilities while John, out of his earnings, could pay off the mortgage and defeat plaintiff's claim.

Unless, as a matter of law under §11104 GC, the fact that Walker's equity in the homestead was worth less than the $500 he could hold in lieu of a homestead on its sale, §11737 GC, rendered it impossible for him by the transfer to defraud plaintiffs, fraud in the transaction was proven.

In **Bills v Bills, 41 Oh St 206**, an action to set aside a deed as a fraud, the court said that the evidence as to the value of the property and that it was a homestead was immaterial and was properly excluded. The reason for this is made apparent in **Roig v Schultz, supra**, a similar action, in which the opinion said that the plaintiff was entitled "to a judgment establishing his lein on the premises whether a, sale, as against the claim of a homestead could be enforced or not", and that, "Until the costs and the mortgage lien were fully satisfied no question, as to precedence between the plaintiff's judgment and the right of defendant's exemption in lieu of a homesteady, could arise." Hence there was, up to that time, no issue as to the homestead, and claims as to it were not a defense to the action to set aside the deed. This propostion is stated in syllabus 2.

In my opinion, the finding here should be that the deed was fraudulently made, and that the statute of limitations did not bar this action, and that a judgment setting aside the deed should be entered. What the rights of the parties would be if that were done is not now before the court,—these matters would develop on further proceedings followed such judgment.